995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. RHODES, Jr., Petitioner-Appellant,
v.
John LITTLEFIELD, Warden, Orient Correctional Institution,
Respondent-Appellee.
 No. 92-4079.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1993.
 
 1
 Before: RYAN, Circuit Judge, KRUPANSKY, Senior Circuit Judge, and JOINER, District Judge.*
 
 ORDER
 
 2
 William E. Rhodes, Jr., an Ohio state prisoner, appeals pro se from a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Rhodes was convicted following a bench trial of gross sexual imposition with a specification of a previous conviction of an offense of violence. He was sentenced to three to ten years imprisonment. After exhausting state court remedies, he filed this petition for habeas relief raising three issues. The district court denied the petition.
 
 
 4
 On appeal, Rhodes argues only that the district court erred in rejecting the argument that his counsel was ineffective for stipulating that Rhodes had previously been convicted of a crime of violence. The other issues have been abandoned on appeal and will not be considered. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 5
 Upon review, it is concluded that the argument at issue was properly rejected for the reasons stated by the district court. Trial counsel is presumed to have been exercising sound trial strategy in deciding to stipulate to a prior conviction of an offense of violence. See Strickland v. Washington, 466 U.S. 668, 689 (1984). This presumption is unrebutted in this instance where it is clear that by entering the stipulation counsel avoided having the sentencing judge consider the unfavorable factual details of the prior conviction before entering sentence on this similar case. Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation